

United States District Court
Eastern District of Michigan
Southern Division

JAN 2 4 2022

CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR, MI

United States of America,

       Plaintiff,

v.

Maninder Deswal, D.P.M.,

       Defendant.

                       /

Criminal No. 21-cr-20739

Honorable Judith E. Levy

## Plea Agreement

The United States of America and the defendant, Dr. Maninder Deswal, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

### 1.    Count of Conviction

The defendant will waive his right to an indictment and will plead guilty to Counts 1 through 2 of the Information. Counts 1 through 2 charge the defendant with Unlawful Distribution of Controlled Substances under 21 U.S.C. § 841(a)(1).

Page **1** of **17**

2.    **Statutory Minimum and Maximum Penalties**

The defendant understands that the counts to which he is pleading guilty carry the following minimum and maximum statutory penalties:

| Counts 1 – 2 | Term of Imprisonment: | Maximum of 20 years |
|---|---|---|
| | Fine: | Maximum of $1,000,000 |
| | Term of Supervised Release: | At least 3 years |

3.    **Elements of Counts of Conviction**

The elements of Counts 1 through 2 are as follows:

First:      The defendant knowingly, intentionally and unlawfully distributed a Schedule II controlled substances, specifically Hydrocodone-Acetaminophen and Oxycodone-Acetaminophen; and

Second:   The defendant distributed the controlled substances outside the course of professional medical practice.

A controlled substance is distributed by a physician in the usual course of professional medical practice and, therefore, lawfully, if the substance is distributed by him in good faith in medically treating a patient. Good faith in this context means good intentions and the honest exercise of good professional judgment as to a patient's medical needs. Good faith connotes an observance of conduct in accordance with

what the doctor should reasonably believe to be proper medical practice. Defendant need not prove that he was acting in good faith; rather, the government bears the burden of proving that a defendant was not acting in good faith.

4.     **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

Beginning in or about December 2018, and continuing up to and including September 2020, Dr. Maninder Deswal illegal prescribed controlled substances prescriptions to various women outside the course of professional medical practice. In violation of 21 U.S.C. § 841(a)(1), the defendant, a licensed Doctor of Podiatry Medicine, issued Schedule II controlled substances prescriptions, including but not limited to Oxycodone-Acetaminophen (Percocet) and Hydrocodone-Acetaminophen (Norco) to women in exchange for cash payments, sexual favors, and/or other illicit drugs. The purpose of issuing the prescriptions was not for the legitimate treatment of patients, but rather for personal consumption and/or drug diversion.

Specifically, on or about January 16, 2020, Dr. Deswal issued a Hydrocodone-Acetaminophen 10/325 mg prescription to a woman, identified as C.S., for 61 dosage units. On or about September 11, 2020, Dr. Deswal issued a Hydrocodone-Acetaminophen 10/325 mg prescription to a woman, identified as L.F. for 61 dosage units. These were just a few of the many prescriptions issued to C.S. and L.F., and others, that were issued outside the course of professional medical practice and for no legitimate medical purpose.

The parties agree, for guideline calculation purposes, as relevant conduct, the defendant unlawfully prescribed in total 454 dosage units of Hydrocodone-Acetaminophen 10/325 mg to C.S. and L.F. The parties also stipulate that parts of the conduct occurred in the Eastern District of Michigan.

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for defendant's guilty plea to the charges against him. It does not include all of the facts known to him concerning criminal activity in which he and others engaged. The defendant makes this statement knowingly and voluntarily and because he is in fact guilty of the crime charged.

**5.    Advice of Rights**

The defendant has read the Information, has discussed the charges and possible defenses with his attorney, and understands the crime(s) charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.    The right to plead not guilty and to persist in that plea;

B.    The right to a speedy and public trial by jury;

C.    The right to the assistance of an attorney at every critical stage of the proceedings, including trial;

D.    The right to an appointed attorney, if the defendant cannot afford to retain one;

E.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

F.    The right to confront and cross-examine adverse witnesses at trial;

G.    The right to testify or not to testify at trial, whichever the defendant chooses;

H.   If the defendant chooses not to testify, the right to have the jury informed that it may not treat that choice as evidence of guilt;

I.   The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

J.   The right to compel the attendance of witnesses at trial.

6.   **Collateral Consequences of Conviction**

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms

that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

### 7.    Defendant's Guideline Range

#### A.    Court's Determination

The Court will determine the defendant's guideline range at sentencing.

#### B.    Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense(s) to which he is pleading guilty;

committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.    Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply:

| Guideline Provision | Description | Level |
|---|---|---|
| § 2D1.1(a)(5) | Base Offense Level – approx. 35 kg Marijuana: 454 d.u. of Hydrocodone-Acetaminophen 10-325 mg (Norco) | 16 |
| 2D1.1(b)(18) | Safety Valve | -2 |
| § 3B1.3 | Special Skill | 2 |

Under §2D1.1(b)(18), the defendant qualifies for the two level safety valve reduction if the Court finds at sentencing that he has satisfied *all* of the requirements in § 3553(f). Further, under USSG § 3B1.3, defendant used a special skill in a manner that significantly

facilitated commission of the offense resulting in a two level increase in his base offense level.

### D.     Factual Stipulations for Sentencing Purposes

The parties stipulate and agree, for guideline calculation purposes, as relevant conduct, the defendant unlawfully prescribed in total 454 dosage units of Hydrocodone-Acetaminophen 10/325 mg to C.S. and L.F.

### E.     Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 7.B, 7.C, or 7.D. Other than the guideline recommendations and factual stipulations in those paragraphs, however, neither party is restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.     Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that

guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 7.B, 7.C, or 7.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

8. **Imposition of Sentence**

   **A.   Court's Obligation**

   The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

   **B.   Imprisonment**

   **1.   Recommendation**

   Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the top of the defendant's guideline range as determined by the Court.

## 2.    No Right to Withdraw

The government's recommendation in paragraph 8.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

## C.    Supervised Release

### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a 3-year term of supervised release.

### 2.    No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation.

The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 8.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D. Fines

There is no recommendation or agreement as to a fine.

### E. Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit

the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

### F.   Special Assessment

The defendant understands that he will be required to pay a special assessment of $200, due immediately upon sentencing.

### 9.   Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the guideline range as determined by the Court, the defendant also waives any right he may have to appeal his sentence on any grounds.

Page **13** of **17**

10.  **Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel **and prosecutorial misconduct**, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

11.  **Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw his guilty plea, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges

as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 12.   Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 13.   Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 14.   Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the

guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

15.   **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 p.m. on December 3, 2021. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Saima S. Mohsin
Acting United States Attorney

Regina R. McCullough
Chief, Health Care Fraud Unit
Assistant United States Attorney

Brandy R. McMillion
Assistant United States
Attorney

Dated: 12/10/2021

By signing below, the defendant and his attorney agree that the
defendant has read or been read this entire document, has discussed it
with his attorney, and has had a full and complete opportunity to confer
with his attorney. The defendant further agrees that he understands
this entire document, agrees to its terms, has had all of his questions
answered by his attorney, and is satisfied with his attorney's advice and
representation.

Michael Maddaloni
Attorney for Defendant

Maninder Deswal, D.P.M.
Defendant

Dated: 12-10-2021

Page **17** of **17**